**Denan HAN, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

**No. 03–72731.**

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 15, 2004.*

Decided Nov. 18, 2004.

Joseph S. Porta, Law Offices of Cohen & Kim, Los Angeles, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, OIL, U.S. Department

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

of Justice, Washington, DC, for Respondent.

Before: LEAVY, MCKEOWN, and BERZON, Circuit Judges.

## MEMORANDUM **

Denan Han, a native and citizen of China, petitions for review of the Board of Immigration Appeals' ("BIA") order summarily affirming an Immigration Judge's ("IJ") denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252(b). Where, as here, the BIA affirms without opinion, we review the IJ's decision. *See Falcon Carriche v. Ashcroft,* 350 F.3d 845, 849 (9th Cir.2003). We review for substantial evidence an adverse credibility determination, *see Chen v. Ashcroft,* 362 F.3d 611, 617 (9th Cir.2004), and we grant the petition.

The IJ's adverse credibility determination. is based on speculation and minor inconsistencies. For example, the IJ speculated that if Han were a devout Christian, he would have made some effort to impart Christianity on his wife and children. The IJ also relied heavily on the inconsistency between Han's testimony that his wife and children were not practicing Christians and Han's pastor's testimony that Han had said that his wife and children *were* active Christians, even though Han's family's beliefs were not central to his claim. The IJ's adverse credibility finding therefore is not supported by substantial evidence. *See id.* at 617 (noting that an adverse credibility determination must be based on a "specific, cogent reason for any stated disbelief") (citation omitted); *see also Salaam v. INS,* 229 F.3d 1234, 1238 (9th Cir.2000) (per curiam) ("This Court reverses an adverse credibility determination that is based on 'speculation and conjecture' and is not supported by evidence in the record.") (citation omitted).

We remand to the BIA for further proceedings to determine whether, accepting Han's testimony as true, he has established eligibility for asylum, withholding of removal, or relief under the CAT. *See INS v. Ventura,* 537 U.S. 12, 16–17, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

**PETITION FOR REVIEW GRANTED; REMANDED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

